UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADALBERTO PADILLA-RUVALCABA,<br>Petitioner(s),<br>v.<br>BRUCE SCOTT, et al.,<br>Respondent(s). | CASE NO. C26-4280-KKE<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

This is a federal habeas action under 28 U.S.C. § 2241. Petitioner has been detained at the Northwest Immigration and Customs Enforcement ("ICE") Processing Center ("NWIPC") since July 2026, and an immigration judge ("IJ") issued a form order denying bond because he found that Petitioner was a flight risk. The IJ abused his discretion in denying bond without providing a reasoned explanation, and the Court will therefore GRANT the petition for writ of habeas corpus.

## I. BACKGROUND

Petitioner is a native and citizen of Mexico. Dkt. No. 1-1 at 24, 82. Petitioner entered the United States without being admitted or paroled on or around March 1, 2003. *Id.* at 71. During his 23 years in the United States, Petitioner fathered three U.S. citizen children. *Id.* at 84–7.

On July 10, 2026, ICE officers encountered Petitioner during a targeted enforcement operation in Seattle, Washington. *Id.* at 25. The ICE officers saw Petitioner driving a vehicle and

activated emergency lights to signal for the Petitioner to pull over. *Id.* The Government's[1] record of the arrest indicates that Petitioner pulled over and candidly answered the Government's questions. *Id.* The officers served Petitioner an I-200 administrative arrest warrant, form I-826, and a Notice to Appear ("NTA"). *Id.* at 26. The Government transported Petitioner to NWIPC, where he remains detained pending removal. *Id.*

Petitioner filed an Application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents through Form EOIR-42B with the Executive Office for Immigration Review ("EOIR"). *Id.* at 70–9. EOIR's automated case information indicates that Petitioner's application was denied on September 10, 2026, and the Board of Immigration Appeals ("BIA") received an appeal on September 21, 2026.

Petitioner filed for a custody redetermination and EOIR conducted a bond hearing on September 15, 2026. *Id.* at 63. IJ Matthew Davidhizar denied bond and declared Petitioner to be a flight risk. *Id.* at 62. The IJ's order contains no explanation for the decision beyond a box checked on a form. *Id.* The Government states that Petitioner has appealed the bond case to the BIA. Dkt. No. 5 at 1.

On November 4, 2026, Petitioner filed a petition for writ of habeas corpus. Dkt. No. 1. Petitioner alleges that the IJ denied bond because Petitioner had not sought immigration relief prior to his detention and because his application for cancellation of removal had been denied. *Id.* at 11. Petitioner argues that the IJ abused his discretion and violated Petitioner's due process rights by failing to make a decision based on the complete evidentiary record. *Id.* at 14–7. Petitioner requests immediate release or, in the alternative, a bond hearing in which the Government must justify Petitioner's detention through clear and convincing evidence. *Id.* at 23. Petitioner also

[1] The Federal Respondents are collectively referred to as "the Government" in this order.

seeks a permanent injunction "barring [the Government] from refusing to afford Petitioner a custody redetermination hearing before a neutral adjudicator in light of his unlawful detention[.]" *Id.* at 24. Additionally, Petitioner seeks attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. *Id.*

The Government filed its response on November 19, 2026. Dkt. No. 5. The Government argues that the petition should be denied because Petitioner has not yet exhausted administrative remedies. *Id.* at 4–8. The Government conceded "that there is no audio recording or transcript of Petitioner's bond proceedings." Dkt. No. 6 at 1. Furthermore, IJ Davidhizar had not yet completed a memorandum of law explaining his decision at the time that the Government filed its response. Dkt. No. 5 at 4. Petitioner filed a traverse on November 24, 2026. Dkt. No. 8. The case is now ready for the Court's adjudication.

## II. ANALYSIS

To succeed on a habeas petition, a petitioner must show he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

A district court reviews an IJ's bond determination as to dangerousness and flight risk for abuse of discretion.[2] *See Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). When reviewing

[2] Although the Government argues that the Court should require Petitioner to exhaust administrative remedies before considering the habeas petition on its merits (Dkt. No. 5 at 5–8), the Court waives prudential exhaustion in light of the irreparable injury that might result from the continued unlawful detention the petition alleges. *See Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004); *see also Garcia Ortiz v. Henkey*, No. 1:26-cv-00043-BLW, 2026 WL 948275, at *3 (D. Idaho Apr. 7, 2026) (waiving administrative exhaustion requirements because "given the broader irregularities

for abuse of discretion, the district court does not re-weigh the evidence, but rather determines whether the IJ applied the correct legal standard. *See id.* at 785.

In making bond determinations, IJs consider the "*Guerra* factors":

> (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen's] length of residence in the United States; (3) the [noncitizen's] family ties in the United States, and whether they may entitle the [noncitizen] to reside permanently in the United States in the future; (4) the [noncitizen's] employment history; (5) the [noncitizen's] record of appearance in court; (6) the [noncitizen's] criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the [noncitizen's] history of immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen's] manner of entry to the United States.

*In Re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006).

In this case, IJ Davidhizar checked a box indicating that bond was denied because Petitioner was deemed to be a Flight Risk. Dkt. No. 1-1 at 62. There are no additional findings in writing or on the record that explain the basis for this conclusion. The failure to provide a reasoned explanation is an abuse of discretion. *See Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014). Without any findings to review, the Court cannot determine whether the IJ properly applied the *Guerra* factors to Petitioner's circumstances. The failure to provide an explanation also hinders meaningful opportunities to seek administrative review. *See Ascencio-Zetino v. Scott*, No. 2:26-cv-02856-DGE, 2026 WL 2686835, at *4 (W.D. Wash. Sep. 14, 2026) ("It is unclear how a detainee could even make an informed decision whether to appeal without knowing the IJ's reasons for finding them a flight risk or a danger to the community.").

Here, Petitioner has lived in the United States since 2003. Dkt. No. 1-3 at 71. Petitioner is a father of three U.S. citizens. *Id.* at 84–7. The checkbox-form order issued by the IJ does not

in bond hearings across the country … administrative remedies in the immigration system appear no longer efficacious"). Moreover, Petitioner has submitted statements of his own and those of his family describing the harm he is experiencing while away from community support. Dkt. No. 1-1 at 17–9, 97–8.

reflect consideration of the *Guerra* factors or explain how they apply to Petitioner's circumstances. This Court joins other courts in this district in finding that the IJ's failure to provide any explanation for a flight risk finding is an abuse of discretion. *See Vasquez Lopez v. Hernandez*, 830 F. Supp. 3d 1097, 1103 (W.D. Wash. 2026) ("The Court is left to speculate concerning how the [IJ] viewed the evidence in light of the applicable factors. The Court must conclude that the [IJ] failed to do so, which constitutes an abuse of discretion."); *Ascencio-Zetino*, 2026 WL 2686835, at *4–5 ("[I]f the IJs 'issue bond denial orders without any explanation in writing or on the record, the IJs and [the Government] can expect the Court will continue to grant habeas relief.'" (quoting *Vasquez v. Scott*, No. 2:26-cv-02515-DGE, 2026 WL 2285535, at *5 (W.D. Wash. Aug. 7, 2026))).

Accordingly, the Court will grant the habeas petition. The Court finds that the appropriate remedy for Petitioner's unlawful detention is immediate release. *See Preiser*, 411 U.S. at 484 ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody.").

## III. CONCLUSION

For these reasons, the Court GRANTS the habeas petition. Dkt. No. 1. The Government must release Petitioner no later than November 26, 2026. At the time of Petitioner's release, the Government shall return to Petitioner all personal property in the Government's custody or control, including but not limited to, passports, identity papers or licenses, immigration records, prescribed medications, and treatment-related equipment. The Government must file a status report no later than November 30, 2026, confirming compliance with this order.

Any fee petition shall be filed within the deadlines set forth by the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

Dated this 25th day of November, 2026.

Kymberly K. Evanson
United States District Judge